**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

JACOLBY D. BEASLEY,               )

          )

        Plaintiff,         )

          )

      v.                )         No. 4:24-cv-01482-AGF

          )

MCDONALDS,            )

          )

        Defendant.      )

## <u>MEMORANDUM & ORDER</u>

This employment discrimination case is before the Court on the pro se Plaintiff's Memorandum for Clerk (ECF No. 31) and submission of an amended complaint (ECF. No. 32). Plaintiff seeks to amend his complaint to change the named defendant, substituting James E. Williams, Jr. Enterprises LC for McDonalds.  For the reasons set out below, this Court will grant the motion.

## <u>BACKGROUND</u>

Plaintiff is proceeding pro se and in forma pauperis.  Plaintiff's original complaint named McDonalds as defendant, and because of his in forma pauperis status, this Court directed the United States Marshals to deliver service to CT Corporation System—the entity believed to be the registered agent of the McDonald's corporation.  The summons was returned as executed (ECF No. 7) on February 14, 2025 and Defendant's answer was due by March 4, 2025.  Receiving no response, this Court directed Plaintiff to file a motion for entry of default judgment (ECF No. 8), which he promptly filed.  ECF No. 9.  The Clerk of Court entered a clerk's entry of default against McDonalds which was vacated upon notice that service of process was rejected due to lack of

specificity.  ECF No. 13.  A second summons was delivered to CT Corporation System specifically identifying the McDonalds where Plaintiff worked.  ECF No. 15.  Once again, this summons was executed by the United States Marshals, no response was filed, and default was entered and later vacated against the defendant upon learning that service had again been rejected.

Each time service was rejected, the Court asked Plaintiff to provide additional information so service could properly be served upon the correct defendant. Plaintiff provided the Court with various Memoranda stating that he was attaching information he had "received on the employer McDonalds," including time sheets and tax documents from his time at McDonalds.  ECF Nos. 14 & 18.  These documents listed various companies, including Fire Stop Technologies, Inc., Tenaj LC, and James E. Williams, Jr. Enterprises, LLC; Plaintiff also included a screenshot of the latter company found on the Missouri Secretary of State's website.

On May 26, 2026, the Court entered an Order noting this procedural history and the several failed service attempts, and the Court noted that it was unclear from Plaintiff's filings which of the entities referenced was the employer referenced in Plaintiff's complaint and therefore the proper defendant.  ECF No. 28.  The Court therefore directed Plaintiff to file an amended complaint naming the correct entity as the Defendant and providing a proper address for service of process on that entity.  ECF No. 28.  In response, Plaintiff filed the current Memorandum and amended complaint now before the Court, which names James E. Williams, Jr. Enterprises, LLC as the Defendant and lists 1506 Johnson Road, Granite City, IL 62040 as the company's address. Although that address might be the company's place of business, the Court takes judicial notice that the company's registered agent according to the Missouri Secretary of State's website is 230 S. Bemiston, Suite 1000, Clayton, MO 63105, which is also the registered agent address listed in

2

the tax forms submitted by Plaintiff. *See, e.g.*, ECF Nos. 18 & 30; *see also* Denny Hoskins, Missouri Secretary of State, Missouri Online Business https://bsd.sos.mo.gov/ (last visited June 5, 2026).

Throughout this case, Plaintiff has made good faith efforts to provide this Court with adequate information such that his former employer may be served with process. Plaintiff has timely responded to each order as required by the Court, and his latest filing was in response to this Court's order to file an amended complaint naming the correct entity as the Defendant and providing a proper address for service of process. ECF No. 28.

## DISCUSSION

Courts must construe pleadings so as to do justice. Fed. R. Civ. P. 8(e). A document filed *pro se* is to be "liberally construed" and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). These principles may allow pro se litigants leave to amend their pleadings more liberally than those litigants represented by counsel. *See Rush v. State Arkansas DWS*, 876 F.3d 1123, 1125-26 (8th Cir. 2017).

With these principles in mind, this Court finds that Plaintiff may amend his complaint pursuant to Federal Rule of Civil Procedure 15(a). Rule 15(a) allows a party to amend its pleading once as a matter of course no later than 21 days after service. Fed. R. Civ. P. 15(a)(1)(A). Circuit courts, along with district courts within the Eastern District of Missouri, read Rule 15(a)(1)(A) as allowing plaintiffs to freely amend their complaint once as a matter of right provided that the defendant has not been served. *U.S. ex rel. D'Agostino v. EV3, Inc.*, 802 F.3d 188, 193 (1st Cir. 2015); *Kampas v. City of St. Louis*, Case No. 4:22-cv-01057-SRC 2023 WL 8803356, at *4 (E.D.

3

Mo. 2023).  Because no defendant has been served in this case, Plaintiff should be allowed to amend his complaint pursuant to Fed. R. Civ. P. 15(a)(1)(A).

In the alternative, even if Rule 15(a)(1)(A) does not allow a plaintiff to amend a pleading as a matter of course before serving it, this Court finds amendment proper pursuant to Federal Rule of Civil Procedure 15(a)(2), which allows amendment with the court's leave, which should be freely given when justice so requires.  A district court abuses its discretion when it denies a motion to amend a complaint unless there exists undue delay, bad faith, repeated deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment.  *Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir. 2008).  Because none of the *Popoalii* factors are present in the current case, and, in fact, the Court directed Plaintiff to file an amended complaint, this Court finds amendment proper under Rule 15(a)(2).

Finally, this Court finds that good cause exists to extend the time limit for service pursuant to Federal Rule of Civil Procedure 4(m).  Good cause requires at least excusable neglect, which in turn requires good faith on the part of the party seeking an enlargement of time and some reasonable basis for noncompliance within the time specified in the rules.  *Lujano v. Omaha Public Power Dist.*, 30 F.3d 1032, 1035 (8th Cir. 1994).  In making this determination, a district court should "take care to protect *pro se* plaintiffs from consequences of confusion or delay attending the resolution of an *in forma pauperis petition*." *Id.* n.5.  Plaintiff has repeatedly demonstrated good faith by meeting every deadline and repeatedly attempting to provide this Court with accurate information to allow service of process.  Additionally, given his repeated good faith attempts to identify the proper defendant, noncompliance was reasonable given Plaintiff's pro se status.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's motion to amend his complaint is **GRANTED.** ECF No. 32.

**IT IS FURTHER ORDERED** that the Court recognizes the substitution of James E. Williams, Jr. Enterprises, LLC as the Defendant is proper.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue, and the United States Marshal shall serve, process upon Plaintiff's amended complaint as to Defendant James E. Williams Jr. Enterprises, LLC at the address of its registered agent: 230 S. Bemiston, Suite 1000, Clayton, MO 63105.

Dated this 18th day of June, 2026.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

5