RECEIVED

SEP 08 2026

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF MISSOURI**

**EASTERN DIVISION**

JACOLBY D. BEASLEY, No. 4:24-cv-01482-AGF

Plaintiff,

v.

JAMES E. WILLIAMS, JR. ENTERPRISES, LLC,

Defendant.

# PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff Jacolby D. Beasley, proceeding pro se, respectfully submits this Response in Opposition to Defendant's Motion to Dismiss. Plaintiff requests that the Court deny the motion and allow this action to proceed. Plaintiff relies on the allegations in his pleadings and the contemporaneous communications attached as Exhibits A through I.

## I. INTRODUCTION

Defendant's motion should not be granted where the record contains contemporaneous communications supporting Plaintiff's allegations concerning his employment, scheduling, treatment, and efforts to address workplace problems. The attached messages show that Plaintiff was communicating about these issues while they were occurring, rather than creating these allegations only after litigation began.

The attached EEOC correspondence also shows that Plaintiff continued to pursue his discrimination concerns through the administrative process. Taken together, these records provide factual context supporting Plaintiff's claims and should be considered with the allegations in the pleadings.

## II. THE 2023 MESSAGES SUPPORT PLAINTIFF'S ACCOUNT OF HIS EMPLOYMENT AND SCHEDULING

The 2023 text messages show Plaintiff communicating about his work schedule and attempting to contact the store and management. In the August 21 exchange, Plaintiff stated that he was coming in and was instructed to call the store. The messages then document a call to the store, Plaintiff's repeated attempts to reach the store, and a discussion about whether management had been contacted. (Exhibit D.)

The same exchange shows Plaintiff explaining that he had been told to contact management if he had problems and that he was attempting to obtain the appropriate contact information. This is

contemporaneous evidence of Plaintiff attempting to address workplace problems through the employer's own channels. (Exhibit D.)

Another 2023 exchange shows Plaintiff being told not to come in because of the number of people and managers expected at the workplace. Plaintiff questioned why he was receiving that information only at the last minute. The response stated that management had just communicated that Plaintiff was not needed. (Exhibit A.)

These communications are important because they provide contemporaneous evidence concerning scheduling and Plaintiff's efforts to communicate with management. They also support Plaintiff's position that the issues alleged in this case were not manufactured after the fact.

## III. THE MESSAGES DOCUMENT PLAINTIFF'S CONCERN ABOUT BEING LEFT OFF THE SCHEDULE

The attached messages further show Plaintiff requesting his prior schedules and specifically asking that schedules from July 1 forward be provided so he could determine how many weeks had passed during which he was not on the schedule. The response stated that, as far as the sender knew, Plaintiff was on the following week's schedule. (Exhibit E.)

The messages therefore provide direct contemporaneous evidence of Plaintiff's concern about the loss or reduction of scheduled work and his attempts to obtain records that would show the extent of the scheduling issue.

## IV. THE RECORD SHOWS PLAINTIFF CONTINUED TO ADDRESS HIS EMPLOYMENT CONCERNS

The later text-message communications also show Plaintiff discussing his employment circumstances, management concerns, and his attempts to address those issues. In one exchange, Plaintiff stated that he had worked there for approximately two years and complained about repeatedly being off schedule. The other participant responded that they would speak with management and attempt to schedule a discussion. (Exhibit B.)

In another message, Plaintiff stated that he had attempted to call the store and was trying to obtain a drug test. The response stated, 'I let them know,' further documenting communication concerning Plaintiff's employment. (Exhibit C.)

Plaintiff submits these communications as corroborating evidence of his continuing efforts to address the employment circumstances at issue.

## V. PLAINTIFF ALSO PURSUED THE MATTER THROUGH THE EEOC

Plaintiff's August 2, 2024 correspondence to Walter Harris III at the EEOC shows that Plaintiff was actively communicating with the EEOC representative handling his charge. Plaintiff explained his employment history, his efforts to obtain training and opportunities, his concerns about unequal treatment, and his belief that he had experienced discrimination. (Exhibits H-I.)

The correspondence also demonstrates that Plaintiff was attempting to understand and pursue his rights through the administrative process. Plaintiff respectfully asks the Court to consider this correspondence together with the underlying employment communications when evaluating Defendant's arguments concerning Plaintiff's administrative history.

## VI. DEFENDANT'S TIMELINESS ARGUMENT SHOULD NOT RESULT IN DISMISSAL ON THE PRESENT RECORD

Defendant argues that Plaintiff filed suit 95 days after the August 1, 2024 EEOC Right-to-Sue notice. Plaintiff disputes that the case should be dismissed solely from the date printed on the notice. The relevant issue includes when Plaintiff actually received the notice and the applicable rules governing the computation of the filing period.

Plaintiff therefore respectfully requests that the Court consider the actual receipt date and the applicable rules for computing the 90-day period before dismissing the action. Plaintiff further requests that any ambiguity concerning the date of receipt be resolved through the factual record rather than assumed against a pro se Plaintiff at the pleading stage.

To the extent the Court determines that any allegation requires clarification, Plaintiff respectfully requests leave to amend rather than dismissal with prejudice.

**VII. DEFENDANT'S SCOPE-OF-CHARGE ARGUMENT DOES NOT WARRANT DISMISSAL OF THE ENTIRE ACTION**

Defendant also argues that Plaintiff's EEOC charge alleged race discrimination only while the amended complaint contains additional theories. Plaintiff respectfully submits that the Court should examine the factual relationship between the administrative charge and the allegations in the complaint, including whether the additional allegations are reasonably related to the conduct presented to the EEOC or could reasonably be expected to grow out of the administrative investigation.

The attached records concern the same employment relationship, workplace circumstances, scheduling issues, communications with management, and Plaintiff's efforts to report and address the treatment he experienced. At minimum, Plaintiff respectfully requests that any claim properly within the scope of the administrative charge remain pending. If the Court finds that any particular theory requires amendment, Plaintiff requests an opportunity to amend rather than dismissal of the entire case.

**VIII. DISCOVERY IS APPROPRIATE**

The communications attached to this response identify factual matters that can be tested through discovery, including schedules, communications with management, employment records, and other records concerning Plaintiff's work and the decisions affecting his hours and employment. Plaintiff respectfully requests that the case proceed so that the parties can obtain the relevant evidence through the normal discovery process.

**IX. REQUEST FOR RELIEF**

WHEREFORE, Plaintiff Jacolby D. Beasley respectfully requests that this Court:

1. DENY Defendant's Motion to Dismiss;
2. Decline to dismiss Plaintiff's claims based on disputed factual issues concerning his employment, scheduling, treatment, or communications with management;
3. Decline to dismiss the action solely from the date printed on the EEOC Right-to-Sue notice and consider when Plaintiff actually received the notice and the applicable rules for computing the filing period;
4. Decline to dismiss the entire action based on Defendant's scope-of-charge argument and, to the extent necessary, permit Plaintiff to amend any allegation the Court determines requires clarification;

5. Permit the parties to proceed to discovery concerning schedules, employment records, communications, management decisions, and other evidence relevant to Plaintiff's claims; and

6. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

JACOLBY D. BEASLEY

Plaintiff, Pro Se

Date: 9-8-26