**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JACOLBY D. BEASLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:24-cv-01482-AGF |
| | ) | |
| JAMES E. WILLIAMS, JR. ENTERPRISES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM & ORDER**

This employment discrimination case is before the Court on Defendant James E. Williams, Jr. Enterprises, LLC's motion (ECF No. 45) to dismiss pro se Plaintiff JaColby D. Beasley's amended complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). First, Defendant argues that Plaintiff's claims are barred by the 90-day statute of limitation. Second, Defendant contends that the claims are separately barred for lack of administration exhaustion because Plaintiff's charge of discrimination before the Equal Employment Opportunity Commission ("EEOC") only named "McDonald's" as the respondent, and not Defendant, which Plaintiff alleges is the owner of the franchise McDonald's location at which he was employed.[1] Alternatively,

---

[1] As detailed by this Court in its prior Orders (ECF Nos. 28, 33), Plaintiff originally named "McDonalds" as the defendant in this case, but Plaintiff was unable to effect service on McDonalds. The Court thereafter required Plaintiff to provide adequate information for service, and in response, Plaintiff provided employment records indicating that his employer was actually a different entity that appeared to be the owner

Defendant seeks partial dismissal of Plaintiff's amended complaint to the extent that Plaintiff is attempting to assert color discrimination or retaliation claims, and to the extent Plaintiff's race discrimination claim asserts any adverse employment actions other than a reduction in hours, as Defendant contends those portions of Plaintiff's claims were not referenced in his charge of discrimination and therefore not properly exhausted.

For the reasons set out below, this Court will grant Defendant's motion in part and deny it in part. Specifically, the Court will grant the motion only to the extent it seeks dismissal of Plaintiff's claims for color discrimination and retaliation, as the Court agrees that those claims have not been administratively exhausted. However, the Court will otherwise deny the motion and will allow Plaintiff's race discrimination claim to proceed past the pleading stage.

## BACKGROUND

Plaintiff is proceeding pro se and in forma pauperis. He filed this lawsuit on November 4, 2024. His current complaint (ECF No. 32) asserts three claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.: race discrimination (Count I), color discrimination (Count II), and retaliation (Count III). Plaintiff, who is African American, claims that he worked for Defendant's McDonald's restaurant for more than one year, performed his job duties, and remained a satisfactory employee.

---

of the McDonalds franchise location at which Plaintiff worked. Plaintiff thereafter amended his complaint to name the current Defendant as his employer during the relevant time.

Plaintiff alleges that he raised concerns with management regarding pay, raises, and work hours. Specifically, he alleges that he believed he was entitled to a raise but did not timely receive one, and his work hours were substantially reduced. He alleges that Defendant reduced his work hours and treated him differently due to his race and color.

Plaintiff further alleges that after he complained about his pay and hours, he was treated differently by management, was instructed to stay out of the office area, and that his hours were further reduced. He alleges that Defendant retaliated against him due to his complaints about pay, raises, and work hours.

Plaintiff attaches to his complaint a copy of his charge of discrimination filed with the EEOC and the Missouri Commission on Human Rights ("MCHR") and the EEOC's notice of right to sue. ECF No. 32 at 4-10.[2] The charge of discrimination names the employer as "McDonald's" with an address of 110 Long Rd, Chesterfield, MO 63005. *Id.* at 4. It states that the discrimination was based on "race" and that the discrimination took place between July and September of 2023. *Id.* It describes the particulars of the race discrimination as follows:

> On or around 3/14/2022 I was hired by the above-named employer as a Customer Service personnel. Curtis McDowell, General Manager, was my supervisor. I was harassed until my resignation.
>
> I was hired and after being there a few months I went to a class for construction to further my education and after I was competed [sic] my hire date was changed. Since 7/7/2023, my hours were cut, and I was doing the majority of the work. I complained to Geraldo Last Name Unknown,

---

[2] The same documents were also attached as exhibits to Plaintiff's original complaint. *See* ECF Nos. 1-3, 104.

> Supervisor and Curtis about my hours, and they would say because I smelled like marijuana and have been late, they were cutting my hours. After I was hired and after being there a few months I went to a class for construction to further my education and after I was competed [sic] my hire date was changed. I resigned.

*Id.* The charge reflects that it was digitally signed by Plaintiff on January 9, 2024. *Id.*

The EEOC's right-to-sue notice attached to Plaintiff's complaint states that it was issued on August 1, 2024 and advises that a lawsuit must be filed within 90 days of Plaintiff's receipt of the notice. *Id.* at 7.

Defendant now moves to dismiss Plaintiff's complaint. Defendant first argues that Plaintiff's complaint is barred by Title VII's 90-day statute of limitations. Specifically, Defendant argues that Plaintiff filed suit 95 days after the right-to-sue notice was issued by the EEOC. Defendant acknowledges that the limitations period begins on the date the right-to-sue letter is received at the most recent address that a plaintiff has provided the EEOC. Although the face of Plaintiff's complaint does not reflect the date on which Plaintiff received the notice, Defendant contends that the law presumes a plaintiff will receive notice from the EEOC three days after the mailing date. According to Defendant, even accounting for the presumed three-day receipt time, more than 90 days passed before Plaintiff filed suit.

Next, Defendant argues that Plaintiff failed to administratively exhaust his claims because his charge of discrimination named "McDonalds" as his employer rather than Defendant. Defendant contends that the complaint does not allege a sufficient basis for finding exhaustion under these circumstances.

Finally, Defendant contends that even if the Court were to find that Plaintiff's complaint is timely and exhausted as to Defendant, Plaintiff failed to exhaust any claim for color discrimination or retaliation, and that his race discrimination claim must be limited to a reduction of hours and not any other adverse action, because color discrimination, retaliation, and any adverse action other than a reduction of hours were not mentioned in the charge of discrimination.

In response, Plaintiff attaches text messages with store management during the relevant time period in which he complained about reduction of hours and other issues. Plaintiff also argues that the Court should consider his actual receipt date when computing the limitations period and to resolve any factual dispute regarding the receipt date through discovery.[3] Likewise, Plaintiff argues that discovery is appropriate to determine whether his claims arise out of the allegations in his charge of discrimination. Plaintiff also requests leave to amend to the extent the Court requires clarification regarding his allegations.[4]

## DISCUSSION

To survive a motion to dismiss for failure to state a claim, a plaintiff's allegations must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The reviewing court must accept the

---

[3] Plaintiff's response brief does not state the date on which he received the EEOC notice.

[4] Plaintiff has not submitted a proposed amended complaint.

plaintiff's factual allegations as true and construe them in plaintiff's favor, but it is not required to accept the legal conclusions the plaintiff draws from the facts alleged. *Id.* at 678; *Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768-69 (8th Cir. 2012). A "pro se complaint must be liberally construed" but must "still allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

**<u>Statute of Limitations</u>**

"[T]he possible existence of a statute of limitations defense is not ordinarily a ground for Rule 12(b)(6) dismissal unless the complaint itself establishes the defense." *Jessie v. Potter*, 516 F.3d 709, 713 n.2 (8th Cir. 2008). A complaint establishes the defense "if all facts necessary to the affirmative defense clearly appear on the face of the complaint." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (cleaned up and emphasis removed). "The court may consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record." *Humphrey v. Eureka Gardens Pub. Facility Bd.*, 891 F.3d 1079, 1081 (8th Cir. 2018) (citation omitted).

A complaint alleging a violation of Title VII must be filed within 90 days of receipt of the notice of right to sue from the EEOC. 42 U.S.C. § 2000e-5(f)(1). "Generally, the ninety-day filing period begins to run on the day the right to sue letter is received at the most recent address that a plaintiff has provided the EEOC." *Hill v. John Chezik Imports*, 869 F.2d 1122, 1124 (8th Cir. 1989). Claims filed after that time are

time-barred unless they are subject to equitable tolling. *Williams v. Thomson Corp.*, 383 F.3d 789, 790-91 (8th Cir. 2004).

As Defendant notes, where the date of actual receipt is unknown, the Eighth Circuit has imposed a rebuttable presumption that notice is received three days after date of issuance. *Hales v. Casey's Mktg. Co.*, 886 F.3d 730, 736 (8th Cir. 2018) (citing Fed. R. Civ. P. 6(d) and *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 148 n.1 (1984)). This presumption is based in part on Federal Rule of Civil Procedure 6, which adds three days to deadlines when service is made by mail. The presumption may be rebutted by evidence showing the actual receipt date was later. *Hales*, 886 F.3d at 736.

As an initial matter, it is not clear whether the three-day presumption would apply at this motion to dismiss stage, where it has not been shown that the actual receipt date is unknown, and the face of the complaint does not establish this fact. But even if the three-day presumption were to apply here, Plaintiff's claims would not be barred.

Rule 6, on which the presumption is based, provides that if the last day of a deadline is a Saturday, Sunday, or legal holiday, the deadline continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a); *see also Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1125 (9th Cir. 2007) ("Under a three-day rule, we would presume Payan received the right-to-sue letter on, or prior to, September 29, 2003. Because ninety days after that date was December 28, 2003, a Sunday, Federal Rule of Civil Procedure 6(a) extends the ninety-day period to December 29, 2003.") (citing Fed. R. Civ. P. 6(a)).

The EEOC notice here was issued on Thursday, August 1, 2024. Adding a presumed three days for receipt would have been Sunday, August 4, 2024, which would have pushed the presumed receipt date under Rule 6(a) to Monday, August 5, 2024.[5] From August 5, 2024, Plaintiff would have had 90 days—landing on Sunday, November 3, 2024, which under Rule 6(a) would have been extended to Monday, November 4, 2024—to file suit. As noted above, Plaintiff in fact filed his complaint on Monday, November 4, 2024. Plaintiff's complaint was therefore timely.

**<u>Exhaustion Based on Employer Name</u>**

"Before the federal courts may hear a discrimination claim, an employee must fully exhaust [his] administrative remedies." *Burkett v. Glickman*, 327 F.3d 658, 660 (8th Cir. 2003). "[E]xhaustion of administrative remedies is central to Title VII's statutory scheme because it provides the EEOC the first opportunity to investigate discriminatory practices and enables it to perform its roles of obtaining voluntary compliance and promoting conciliatory efforts." *Shannon v. Ford Motor Co.*, 72 F.3d 678, 684 (8th Cir. 1996) (citation omitted). However, failure to exhaust administrative remedies is as an affirmative defense, so it is the defendant's burden to plead and prove it. *Miles v. Bellfontaine Habilitation Ctr.,* 481 F.3d 1106, 1107 (8th Cir.2007) (per curiam).

"Omission of a party's name from the EEOC charge does not automatically

---

[5] Alternatively, even if the 90-day period began on Sunday, August 4, 2024, the period would end on Saturday, November 2, 2024, in which case the time to file would still have been extended to Monday, November 4, 2024.

mandate dismissal of a subsequent action under Title VII." *Greenwood v. Ross*, 778 F.2d 448, 451 (8th Cir. 1985). As Defendant recognizes, there are at least two exceptions to the general rule that a Title VII complainant must name the party in the EEOC charge before suing that party in federal court: (1) "[t]he filing of an EEOC charge is unnecessary where an unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance," and (2) "[a] suit is not barred where there is sufficient identity of interest between the respondent and the defendant to satisfy the intention of Title VII that the defendant have notice of the charge and the EEOC have an opportunity to attempt conciliation." *Id.* As to the identity-of-interest exception, federal courts have found such an identity of interest when the parties share an employer-employee relationship, share common management or ownership, or are part of the same corporate hierarchy. *See, e.g.*, *Lenk v. St. Louis Pub. Schs.*, No. 4:18 CV 1296 DDN, 2018 WL 5862747, at *3 (E.D. Mo. Oct. 24, 2018) (collecting cases).

At this early stage, whether Plaintiff could demonstrate either exception applies is a question of fact that cannot be resolved on the current record. Although Plaintiff's EEOC charge did not name Defendant, it did name "McDonalds" and listed the address as a location in St. Louis, Missouri. Plaintiff alleges that Defendant owned and operated the McDonald's restaurant at which he was employed. Liberally construing Plaintiff's complaint, it is plausible that the location listed in the EEOC charge is Defendant's McDonalds restaurant location. Defendant certainly has not suggested otherwise.

Further, courts have found that a franchisor-franchisee relationship shares a sufficient identity of interest for purposes of exhaustion. *Hile v. Jimmy Johns Highway 55, Golden Valley*, 899 F. Supp. 2d 843, 849 (D. Minn. 2012). It is Defendant's burden to prove the affirmative defense of failure to exhaust here, and at this early stage, it has not done so, at least with respect to Plaintiff's race discrimination claim.

**Exhaustion Based on Claims Alleged**

A Title VII complainant "must file a charge with respect to each alleged unlawful employment practice." *Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 851 (8th Cir. 2012). "[A] plaintiff will be deemed to have exhausted administrative remedies if the allegations of the judicial complaint are like or reasonably related to the administrative charges that were timely brought." *Wedow v. City of Kansas City, Mo.*, 442 F.3d 661, 672 (8th Cir. 2006) (citation omitted). Although courts must "liberally construe an administrative charge for exhaustion of remedies purposes," they must "also recognize that there is a difference between liberally reading a claim which lacks specificity, and inventing, *ex nihilo,* a claim which simply was not made.'" *Sellers v. Deere & Co.*, 791 F.3d 938, 943 (8th Cir. 2015) (citation omitted).

Race discrimination claims are separate and distinct from claims of retaliation and color discrimination and must be separately exhausted. *See Russell v. TG Missouri Corp.*, 340 F.3d 735, 747–48 (8th Cir. 2003) ("While [plaintiff] did check the box for, and allege, a claim of disability discrimination, she cannot rely on that claim to show that she exhausted her administrative remedies with respect to her retaliation claim because it

is well established that retaliation claims are not reasonably related to underlying discrimination claims.") (citation omitted); *Laws v. Norfolk S. Corp.*, 2015 WL 5886069, at *3 (E.D. Mo. Oct. 8, 2015) ("[A] "claim of discrimination based on age, color, or sex is not 'like or reasonably related to' a claim of race discrimination."); *see also Jackson v. Minnesota Dep't of Hum. Servs.*, No. 20-CV-749 (ECT/TNL), 2021 WL 1111075, at *6 (D. Minn. Mar. 23, 2021) ("The Eighth Circuit has not addressed this question, but other courts have drawn a clear distinction between 'race' and 'color' for these purposes.") (collecting cases).

Plaintiff's charge of discrimination referenced only race discrimination and nowhere referenced or alluded to any retaliation or discrimination based on color. *See Bryant v. Bell Atl. Maryland, Inc.*, 288 F.3d 124, 133 n.5 (4th Cir. 2002) ("Color discrimination arises when the particular hue of the plaintiff's skin is the cause of the discrimination, such as in the case where a dark-colored African–American individual is discriminated against in favor of a light-colored African–American individual."). Therefore, the Court will grant Defendant's motion to dismiss Plaintiff's retaliation and color discrimination claims (Counts II and III) for failure to exhaust.

Defendant also seeks to limit Plaintiff's race discrimination claim to allegations that Plaintiff's hours were cut and exclude any other adverse employment actions. Plaintiff's complaint alleges under Count I (race discrimination) that "Defendant subjected Plaintiff to adverse employment actions, including reducing his hours and treating him differently." ECF No. 32 at 2. Plaintiff does not reference any other

specific employment actions under this count. Plaintiff's charge of discrimination alleged that his hours were cut, his hire date was changed, and he was "harassed." ECF No. 32 at 4. Liberally construing Plaintiff's complaint at this early stage, Plaintiff does allege harassment, but it is unclear whether Plaintiff is in fact basing his race discrimination claim on any actions other than the cutting of his hours and, if so, whether those actions are like or reasonably related to the allegations in his charge of discrimination. Such a factual inquiry is better suited for resolution at a later stage, after discovery. Therefore, the Court will deny Defendant's motion to dismiss except to the extent it seeks dismissal of Counts II and III, claiming color discrimination and retaliation, for failure to exhaust.

**Leave to Amend**

Although Plaintiff has requested leave to amend if the Court finds deficiencies with respect to any portion of his complaint, he has neither submitted a proposed amended complaint nor indicated how he could cure any deficiencies. As the EEOC charge attached to Plaintiff's complaint clearly shows that Plaintiff did not exhaust his retaliation and color discrimination complaints, and Plaintiff has not suggested any other charge exists, the Court will not grant leave to amend at this time. *See, e.g.*, *Cornelia I. Crowell GST Tr. v. Possis Med., Inc.*, 519 F.3d 778, 783 (8th Cir. 2008) ("Generally, parties should not be allowed to amend their complaint without showing how the complaint could be amended to save the meritless claim.").

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss is **GRANTED in part and DENIED in part**, as set forth above. ECF No. 45. The motion is **GRANTED** only to the extent that it seeks dismissal of Counts II (color discrimination) and III (retaliation) for failure to exhaust; those counts are **DISMISSED**. The motion is otherwise **DENIED**.

Audrey G. Fleissig
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 29th day of September, 2026.